UNITED STATES DISTRICT COURT  JS-6
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **CV 13-00906-JFW (JPRx)**                                      Date:  March 4, 2013

Title:        Roger Reitler, et al. *-v-* Hrayr Shahinian, M.D., et al.

**PRESENT:**

      **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**    **ATTORNEYS PRESENT FOR DEFENDANTS:**
        None                                                                                                    None

**PROCEEDINGS (IN CHAMBERS):**        **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION**

      On February 7, 2013, Plaintiff Roger Reitler, individually and as Administrator of the Estate of Peggy Lou Reitler ("Plaintiff") filed a Complaint in this Court against Defendants Hrayr Shahinian, M.D., The Skulls Base Institute, Thousand Oaks Surgical Hospital, Los Robels Hospital and Medical Center, Cirrus Health, L.P., Cirrus Health II, L.P., Cirrus Tosh, G.P., L.P. The Cirrus Group LLC and HCA Holding, Inc. d/b/a Hospital Corporation of America, Inc. ("Defendants"), alleging that this Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a) because of the diversity of citizenship between Plaintiff and Defendants.  Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.

      Plaintiff has failed to adequately allege the facts essential for the subject matter jurisdiction of this Court.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001) (quoting *Smith v. McCullough*, 270 U.S. 456, 459 (1926)) ("'A plaintiff suing in a federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction . . . .'").  For example, in his Complaint, Plaintiff alleges, that he is a resident of Kittanning, Pennsylvania, but fails to allege the residency and citizenship of decedent Peggy Lou Reitler.  However, the legal representative or administrator of a decedent's estate is deemed to be a citizen of the state of the decedent.  *See* 28 U.S.C. § 1332(c)(2) ("[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent . . . .").  Moreover, "the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  To be a citizen of a state, a natural person must be a citizen of the United States and be domiciled in a particular state.  *Id.*  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  *Id.*  "A person residing in a given state is not necessarily domiciled there, and thus

is not necessarily a citizen of that state." *Id.*

In addition, a limited partnership and liability company are citizens of every state of which its partners or members are citizens.  *See*, *e.g.*, *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  Plaintiff has failed to allege the identity and citizenship of all of the partners or members of Defendants Cirrus Health, L.P., Cirrus Health II, L.P., or The Cirrus Group, LLC.

Moreover, for the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c); *see also Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  Plaintiff fails to allege the state of incorporation of Defendant HCA Holding, Inc.

These are just some of the examples of Plaintiff's failure to adequately allege the facts essential for the subject matter jurisdiction of this Court.

Federal Rule of Civil Procedure 12(h)(3) specifically states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Pursuant to Rule 12(h)(3), "a court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, even on appeal."  *Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002); *see also Emerich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n. 2 (9th Cir. 1988) (noting that "[i]t is elementary that the subject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court").

Accordingly, the Court hereby **DISMISSES** this action **without prejudice** for lack of subject matter jurisdiction.

IT IS SO ORDERED.